*Godfrey v. Garland*

BIA
Driscoll, IJ
A077 605 769

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand twenty-four.

PRESENT:
    WILLIAM J. NARDINI,
    EUNICE C. LEE,
    SARAH A. L. MERRIAM,
        *Circuit Judges.*

_____

WINSTON TOE GODFREY,
        *Petitioner*,

    v.                                                                23-6588

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Jillian E. Nowak, Prisoners' Legal Services of
                         New York, Buffalo, NY.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant
                         Attorney General; Kohsei Ugumori, Senior
                         Litigation Counsel; Jesse Lorenz, Trial Attorney;
                         Office of Immigration Litigation, United States
                         Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Winston Toe Godfrey, a native and citizen of Liberia, seeks review of a May 23, 2023, decision of the BIA affirming a November 3, 2022, decision of an Immigration Judge ("IJ") ordering his removal and denying his application for relief under the Convention Against Torture ("CAT").[1] *In re Winston Toe Godfrey,* No. A077 605 769 (B.I.A. May 23, 2023), *aff'g* No. A077 605 769 (Immigr. Ct. Batavia Nov. 3, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

On appeal to this Court, Godfrey argues that the IJ erred in finding him removable based on his prior conviction for an aggravated felony, specifically, a controlled substance offense. We do not reach this argument because Godfrey did not raise it

---

[1] Godfrey does not challenge the agency's denial of asylum and withholding of removal.

before the BIA, and therefore failed to exhaust his remedies as required by 8 U.S.C. § 1252(d)(1). Where, as here, the government points to a failure to exhaust, "we have generally treated § 1252(d)(1)'s issue exhaustion requirement as mandatory." *Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (citation and quotation marks omitted); *see also Foster v. INS*, 376 F.3d 75, 79 (2d Cir. 2004) ("Since [petitioner] failed to exhaust his remedies on the claim that his conviction was not an aggravated felony, the decision of the IJ that he is removable on those grounds stands.").

We deny the petition as to deferral of removal under the CAT. "The burden of proof is on the applicant . . . to establish that it is more likely than not that he . . . would be tortured if removed," 8 C.F.R. § 1208.16(c)(2), and that such torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity," 8 C.F.R. § 1208.18(a)(1); *see also Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005). The agency concluded that Godfrey had not demonstrated either a particularized risk of torture in Liberia, or government acquiescence or involvement in such torture. Godfrey does not challenge the agency's finding that he failed to demonstrate a sufficient particularized risk of torture and has thus forfeited this dispositive basis for the denial of CAT relief. *See Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997) ("We consider abandoned any claims not adequately presented in an appellant's brief."). Thus, we need not reach Godfrey's remaining arguments challenging the agency's finding regarding acquiescence to past torture. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule

3

courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court